BARKDULL, Chief Judge.
This action seeks review of an order of a trial judge, entered pursuant to the authority of Rule 1.38(b) F.R.C.P., 30 F.S.A., setting aside a $22,000.00 final judgment against a garnishee. The order and findings of fact upon which it was rendered reads as follows:
“FINDINGS OF FACT AND ORDER
“This matter having come on to be heard upon the motions of the garnishee, International Automobile Insurance Exchange, (1) to set aside the final judgment entered herein on July 2, 1962, and (2) to dissolve the writ of execution issued out on September 7, 1962, and (3) to dissolve the writ of garnishment issued out on May 15, 1962, and (4) to require the plaintiff to execute and deliver satisfactions of judgments, and the Court having considered and weighed the sworn evidence on file in this cause at the time of the hearing, the following FINDINGS OP FACT are made:
“1. That judgment was entered on behalf of the plaintiff, BUD SMITH, against the defendant, ODELL K. KIRKLAND, in the sum of $22,000.00, said judgment being signed May 1, 1962, and recorded on May 2, 1962.
“2. That an order taxing costs in the sum of $437.23 in favor of the plaintiff, and against the defendant KIRKLAND, was signed on May 1,. 1962, and recorded on May 3, 1962.
“3. That on May 15, 1962, there was filed on behalf of the plaintiff an affidavit of garnishment after judgment in the sum of $22,437.23, and a summons and writ were issued to be served' upon the garnishee, International Automobile Insurance Exchange; that serv *554 ice of process was made upon Mr. Larson, as State Treasurer, on May-17, 1962, and on the same date he mailed said writ to the home office of said insurance company in Indianapolis, Indiana, which was received by said home office on May 21, 1962.
“4. That on June 6, 1962, said garnishee insurance company issued from its home office its check payable to the plaintiff and his attorneys in the sum of $10,000.00, at which time plaintiff’s attorney was informed that payment was forthcoming in said sum which represented the total extent of the liability coverage written by International on behalf of the defendant KIRKLAND.
“5. That on June 7, 1962, plaintiff filed his praecipe for default; that on June 8, 1962, there was hand delivered to the plaintiff’s attorney the check for $10,000.00, with a partial satisfaction of judgment and stipulation and order of dismissal of the garnishment, which delivery was made by John W. Fowler, attorney for the garnishee; and at the time of said delivery, Samuel J. Hannon, attorney for the plaintiff, accepted said check and agreed to furnish defendant with a partial satisfaction of the common law judgment, and to dismiss with prejudice any and all pending garnishment actions wherever brought against said garnishee.
“6. That on June 8, 1962, the Clerk of the Court, ex parte, entered the default pursuant to the praecipe filed by the plaintiff, which default was recorded on June 11, 1962, in Judgment and Default Docket Book 1, at page 746.
“7. That thereafter, defendant’s attorneys contacted plaintiff’s attorneys asking for an executed partial satisfaction of the common law judgment, since $10,000.00 had been paid on June 8, but said request was not complied with.
“8. That plaintiff presented as an ex parte matter a Final Judgment in the sum of $22,437.23 against the garnishee for signature to the Court, which was signed and filed on July 2, 1962, and recorded on July 3, 1962, in Minute Book 5S0, at page 87.
“9. That subsequent to the entry of default, and prior to the entry of said Final Judgment, plaintiff did not issue out against said garnishee the writ of scire facias required by Rule 2.12 (b) of the Florida Rules of Civil Procedure, which omission was unknown to the Court when it signed, as an ex parte matter, the Final Judgment on July 2.
“10. That had the Court been apprised on the day it signed the Final Judgment of the fact that (1) payment had been made by the garnishee to the extent of its liability under its insurance policy and (2) that plaintiff had not issued and served a writ of scire facias, the court would not have signed said Final Judgment.
“11. That on July 25, 1962, the garnishee issued a check in the sum of $437.23, payable to the plaintiff and his attorneys, in payment of the order taxing costs, which check was tendered to the plaintiff’s attorneys, dependent upon receipt of (1) a partial satisfaction of judgment of the common law judgment, and (2) a full satisfaction of the order taxing costs, and (3) an order of dismissal of any garnishments or executions that may have been filed anywhere against International.
“12. That plaintiff issued out a writ of execution on said judgment against the garnishee on September 7, 1962, which writ was received by the Sheriff’s office on September 13, 1962, and execution was attempted on September 19, 1962.
“13. That on September 19, 1962, the Court granted the garnishee an *555 emergency hearing on its Motion for Stay of Execution; that at the time of said hearing, plaintiff’s attorney admitted (1) having been paid $10,000.00 on the common law judgment, (2) having had tendered to him the amount of $437.23 on the order taxing costs, and (3) not having issued out a writ of scire facias; that said attorney’s reason given for proceeding with supplementary proceedings was that there had been no evidence produced by the garnishee showing that its liability insurance coverage was only $10,000.00; whereupon the Court granted said stay to the garnishee, with the proviso that it produce evidence that its coverage upon the defendant KIRKLAND was only $10,000.00, and that delivery of the ‘cost’ check be made, which was done at the conclusion of said hearing.
“14. That the garnishee filed an affidavit of one of its employees, Archie T. Johnston, to which was attached a copy of a specimen insurance policy, and photostatic copies of all parts thereof as applicable to the defendant KIRKLAND: that from all of the evidence filed, it is found that said garnishee had in effect at the time of the accident, an automobile liability insurance policy upon the defendant KIRKLAND with coverage limits of $10,000.00 for each individual injured, and $20,000.00 for each accident, and coverage for Court costs; that payment has been made to the plaintiff to the full extent of the garnishee’s liability policy, and said garnishee is not indebted to said defendant KIRKLAND nor to the plaintiff SMITH in any amount in excess of its coverage of $10,437.23, which has been paid.
“IS. That it is found that the motions to set aside the judgment served on September 19 and September 28, 1962, were made within a reasonable time after the rendition of said judgment, and within one year after the judgment was entered, and this Court has jurisdiction to entertain said motions under the authority given by Rule 1.38(b) of the Florida Rules of Civil Procedure. -•'!
“16. That it is found that said final judgment against the garnishee, following upon default judgment, was void for failure of the plaintiff to issue against said garnishee a writ of scire facias as required by Rule 2.12(b) of the Florida Rules of Civil Procedure, [31 F.S.A.], before final judgment can be entered.
“17. That it is further found that said final judgment was entered as a result of a mistake, inadvertence, surprise and excusable neglect.
“18. The court finds that it would not have entered said final judgment had it known of the record as set out above with respect to the dealings between counsel for the parties, the payment made, and the failure of the plaintiff to issue out the writ of scire facias.
“19. That it is found that the common law judgment against the defend- and KIRKLAND and the order taxing costs have been paid to the extent of the liability insurance coverage afforded by the garnishee’s policy, which partially satisfies the former and completely satisfies the latter, and that it is inequitable that the judgment against the garnishee should stand and have prospective application.
“WHEREFORE, it is ORDERED AND ADJUDGED that:
“1. The motion to set aside the judgment against the garnishee, International Automobile Insurance Exchange, dated July 2, 1962, be and is hereby granted, and said judgment shall be and is hereby set aside and expunged from the records of this Court.
“2. The motion to dissolve the writ of execution against the garnishee, International Automobile Insurance *556 Exchange, dated September 7, 1962, be and is hereby granted, and said writ shall be and is hereby dissolved and dismissed, and the plaintiff, his attorneys and the Sheriff permanently enjoined from proceeding with said execution.
“3. The motion to dissolve the writ of garnishment against the garnishee, International Automobile Insurance Exchange, dated May 15, 1962, be and is hereby granted, and said writ shall be and is hereby dissolved and dismissed, and the plaintiff, his attorneys and the Sheriff are permanently enjoined from proceeding with said garnishment.
“4. The motion to require plaintiff to execute and deliver a partial satisfaction of the common law judgment against the defendant KIRKLAND, and a complete satisfaction of the order taxing costs, be and is hereby granted; and said plaintiff, or his attorneys if they have the authority from their client, shall execute and deliver within ten (10) days of the date of this order a partial satisfaction, in the sum of $10,000.00, of the common law judgment rendered herein against the defendant KIRKLAND, and a complete satisfaction of the order taxing costs in the sum of $437.23.
"DONE AND ORDERED at Miami, Dade County, Florida, this 16 day of October, A.D. 1962.
“Irving Cypen CIRCUIT JUDGE”
It appears from the record that counsel,[1] who secured the judgment upon default against the garnishee, failed to advise the court that he had already collected $10,000.-00 from the garnishee with notice that this was the limit of the garnishee’s liability to the judgment debtor, and that he had agreed “to dismiss with prejudice any and all pending garnishment actions wherever brought against said garnishee.”. Clearly, the trial court was more than justified, under any of the several grounds it recited in its order, in vacating the judgment against the garnishee under the circumstances. Therefore, the order under review is affirmed.
Affirmed.

. Present counsel for the appellant was not the counsel who presented the final judgment for signature before the trial judge, without disclosure of the payment of the $10,000.00.